UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

STEVEN M.,

        Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Case No. 3:17-cv-01357-AC

ORDER ON ATTORNEY FEES

ACOSTA, Magistrate Judge:

Before the court is Plaintiff Steven M.'s[1] Unopposed Motion for Attorney fees pursuant to 42 U.S.C. § 406(b). Although Plaintiff is the claimant in this case, the real party in interest to this motion is his attorney, George J. Wall ("Wall"). The Commissioner does not oppose the motion, but merely acts in a manner similar to "a trustee for the claimant[]." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 (2002). Having reviewed the proceedings below and the amount of fees sought, the court concludes that Wall is entitled to fees under Section 406(b) in the amount of $24,000.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

1 - ORDER ON ATTORNEY FEES

*Procedural Background*

Plaintiff protectively filed his application for disability insurance benefits on February 27, 2014, alleging disability beginning December 31, 2009. The claims were denied initially and on reconsideration. On May 12, 2016, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled under the Act. The Appeals Council denied Plaintiff's request for review.

On August 30, 2017, Plaintiff filed a Complaint in this court seeking review of the Commissioner's final decision. On December 20, 2018, the court issued Findings and Recommendation recommending that the ALJ's decision be reversed and remanded for further administrative proceedings. The Findings and Recommendation was adopted by Judge Marco A. Hernandez on February 8, 2019. On remand, Plaintiff was awarded retroactive benefits, finding him disabled as of May 19, 2013. (Pl.'s Mot. at 2 & Ex. A, ECF No. 44.).

On April 18, 2019, Plaintiff was awarded attorney fees in the amount of $6,810.71 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Order, ECF No. 43.) On August 19, 2019, Plaintiff filed the instant petition seeking attorney fees under Section 406(b) in the amount of $24,000, less the amounts previously received by Plaintiff's counsel under the EAJA. The Commissioner does not oppose the motion.

*Legal Standard*

After entering a judgment in favor of a Social Security claimant who was represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of twenty-five percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). The "[twenty-five percent] cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate

2 - ORDER ON ATTORNEY FEES

fees awarded under" 42 U.S.C. §§ 406(a) and (b) for both the administrative agency stage and court stage of the representation. *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019). An award of fees under § 406(b) is paid from claimant's past due benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796-807 (2002). Accordingly, when a court approves both an EAJA fee and a § 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Id.*

Under *Gisbrecht*, the court must first examine the contingency fee agreement to determine whether it is within the statutory 25 percent cap. *Id.* at 800. The court also must "'review for reasonableness fees yielded by [contingency fee] agreements.'" *Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) (*en banc*) (quoting *Gisbrecht*, 535 U.S. at 808)). As set forth in *Crawford*, the court must apply the following factors: (1) the character of the representation, (2) the results achieved, (3) any delay attributable to the attorney requesting the fee, (4) whether the benefits of the representation were out of proportion with the time spent on the case, and (5) the risk assumed by counsel in accepting the case. *Id.* at 1151-52.

*Discussion*

Here, the terms of the contingent-fee agreement between Plaintiff and Wall are within the statutory limits of § 406(b). The $24,000 in attorney fees Wall seeks do not exceed 25 percent of the past due benefits awarded to Plaintiff. (Pl.'s Mot. at 3 & Ex. C, ECF No. 44.) Thus, the terms of this agreement are within the statute's limit.

The court has reviewed the record in the case, the motion, and the supporting materials including the award of benefits, the fee agreement with counsel, and the recitation of counsel's hours and services. Applying the standards set by *Crawford*, the court finds the requested fees reasonable.

There is no indication that Wall was either ineffective or dilatory, and he achieved a favorable result for Plaintiff. Furthermore, the amount of fees requested is not out of proportion to the work performed by Wall, and the benefits are not so large in comparison to the amount of time counsel spent that a reduction of the fees requested is justified. Finally, Wall does not assert any risks unique to this case, and the court identifies none. Wall does not seek an adjustment to the requested fee based on risk factors and the court concludes no such adjustment is warranted. In short, after applying the *Gisbrecht* factors, as interpreted by *Crawford*, the court finds that Plaintiff's counsel has demonstrated that a 25 percent fee is reasonable for this case.

*Conclusion*

For these reasons, Plaintiff's Unopposed Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 44) is GRANTED and Wall is awarded $24,000.00 in attorney fees. In light of the $6,810.71 in EAJA fees previously awarded, the Commissioner is directed to send the send the balance of $17,189.29, less any applicable processing or user fees as allowed by statute to Plaintiff's attorneys at George J. Wall, 825 NE 20th Ave., Suite 330, Portland, OR 97232.

IT IS SO ORDERED.

DATED this 26th day of August, 2019.

JOHN V. ACOSTA
United States Magistrate Judge